BENJAMIN B. WAGNER
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

Attorneys for the Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SERGE G. AVAK, OD, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 2:12-cv-02532 GEB-EFB <br><br> **SETTLEMENT AGREEMENT** <br> **AND PROPOSED ORDER** |

## I. PARTIES

1. Plaintiff, United States of America, and defendant Serge G. Avak, OD (collectively, the Parties), hereby agree to resolve the United States' civil action to recover money for Defendant's breach of his student loan contracts as set forth below (the Agreement). The Agreement is based upon the following facts:

## II. BACKGROUND

2. Defendant resides in this District.

3. The complaint alleges that during the period August 1994 -1997, Defendant signed four Health Education Assistance Loan Program (HEAL) promissory notes to finance his education. The HEAL is a federally guaranteed loan program authorized by the Public Health Service Act, 42 U.S.C. §§ 701-720. Defendant received loans totaling $46,613.00. Upon Defendant's July 28, 2003 bankruptcy filing, the holders of the notes submitted insurance claims to the United States for the unpaid balances due on the loans. The United States paid the claims

and received an assignment of the notes.

4. Defendant is in default of his loan obligations. Despite the United States' demand for payment, however, Defendant has failed to pay the notes as and when due.

5. The United States has credited a total of $35,050.77 towards Defendant's loan balance. Nonetheless, as of October 1, 2012, there remains a balance due of $51,587.00 representing unpaid principal and interest.

6. Defendant admits the complaint's allegations and agrees to repay the unpaid balance as set forth below.

### III.  TERMS AND CONDITIONS

7. In consideration of their mutual promises and covenants, the Parties agree to settle this litigation upon the following terms:

   A. Entry of Judgment. Defendant consents to entry of judgment in favor of the United States in the amount of $51,587.00, representing unpaid principal and interest on the loans. Defendant shall satisfy the judgment amount via an initial payment of $500.00, payable on or before November 1, 2012, with the remainder financed over 13 years as stated below.

   B. The United States may perfect its judgment by filing abstracts of judgment in the counties in which Defendant resides or may maintain a real property interest(s). The United States agrees, however, that it will not otherwise seek to enforce its judgment provided Defendant complies with this Agreement's terms. Upon Defendant's fulfillment of the Agreement, the United States will file a satisfaction of judgment with the Court.

   C. Defendant's payment plan. Beginning on December 1, 2012, Defendant shall pay the United States, in monthly installments, the remaining judgment amount. Interest shall accrue at the rate of three percent (3%) annually. As set forth in the appended amortization schedule (Appendix A), Defendant shall pay the United States the remaining $51,087.00 balance in monthly installments of $400.00. This installment payment plan shall remain in effect provided Defendant does not default under these payment provisions or as provided below.

   D. Defendant's monthly payments are due by the 1st day of each month at the United States Attorney's Office, Attention Financial Litigation Unit (FLU), 501 I Street, Suite 10-100,

Sacramento, CA 95814.  Checks must be payable to the **United States Department of Justice**.  There is no prepayment penalty and Defendant is encouraged to increase his payments as his financial situation allows.

  E.  Default.  Defendant shall be in default if he fails to make a timely payment and thereafter fails to cure the default within fifteen (15) days from the date the United States mails written notice of the deficiency to Defendant at the address stated in paragraph 7F, below.  If Defendant fails to cure his default, the United States may declare any unpaid balance immediately due and owing and proceed with collection efforts against Defendant.  No further notice is required.

  F.  Written Notice. Except as provided elsewhere in this Agreement, whenever written notice is required, the notice shall be addressed and mailed to the individuals identified below, unless those individuals or their successors give notice of a change to the other party in writing.

As to the United States:

Kurt A. Didier
Assistant United States Attorney
United States Attorney's Office
501 I Street, Suite 10-100
Sacramento, CA 95814
Phone 916-554-2700
Facsimile 916-554-2900

As to Defendant:

Serge G. Avak, OD
4293 Yonan Court
Turlock, CA 95382
Phone 708-308-8892
Facsimile/email sergeavak@yahoo.com

The 15 day cure period provided by the default notices referenced in paragraph 7E, above, commences from the date the United States mails a default notice to Defendant.  All other notices and shall be considered effective upon receipt.

  8.  In consideration of Defendant's undertakings, and subject to the exceptions stated below, the United States fully and finally releases Defendant and agrees to settle and relinquish all claims it may have against him arising from the subject matter of this action.

Settlement Agreement and Proposed Order     3

9. Defendant fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) which Defendant asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants, agents arising from the subject matter of this action.

10. With respect to the Parties' mutual releases, each understands and agrees that this Agreement shall release all existing and future claims arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, including claims that are unknown and unforeseen, notwithstanding Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing [this] Release, which if known by him or her, must have materially affected his or her settlement with the debtor.

11. If Defendant's obligations under this Agreement are avoided for any reason, including, but not limited to the exercise of a trustee's avoidance powers under the bankruptcy Code, the United States, at its sole option, may rescind the releases in this Agreement and bring any civil and/or administrative claim, action or proceeding against Defendant for the claims that would otherwise be covered by the releases provided herein.  Defendant agrees that he shall not plead, argue or otherwise raise any defenses under the theories of statutes of limitations, laches, estoppel or similar theories that relate to the timing of the filing of any such civil or administrative claim, action or proceeding that are brought by the United States within ninety (90) calendar days of written notification to the Defendant that the releases herein have been rescinded pursuant to this paragraph.  If the United States rescinds the releases in this Agreement, Defendant shall be relieved of all obligations under the Agreement.

12. Nothing in this Agreement constitutes an agreement by the United States concerning the characterization of the settlement amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

13. This Agreement is for the Parties' benefit only.

14. The Parties agree to execute and deliver such other and further documents as may be required to carry out this Agreement's terms.

15. Each Party and signatory to this Agreement represents that he or she freely and voluntarily enters into this Agreement without any degree of duress or compulsion.  They hereby declare that they have completely read, fully understand, and voluntarily accept the Agreement's terms following opportunity for review by legal counsel of their choice.

16. Each party further warrants and represents that no party or its representative has made any promise, representation or warranty, express or implied, except as set forth in this Agreement and that each party has not relied on any inducements, promises or representations made by any party to this Agreement, or its representatives, or to any other person, except as expressly set forth herein.

17. This Agreement was negotiated by the Parties, each of whom had the opportunity to participate in the drafting hereof.  It is therefore the Parties' intent that the words of this Agreement shall be construed as a whole so as to effect their fair meaning and not for or against any party in any subsequent dispute, the Parties having waived the benefit of California Civil Code § 1654 and similar laws.

18. Each party to this Agreement represents and warrants that each person whose signature appears in this Agreement has been duly authorized and has the full authority to execute this Agreement on behalf of the person, persons or entity who is a party to this Agreement.

19. The Agreement is binding on each party and on its successors in interest, transferees and assigns.

20. This Agreement is governed by the laws of the United States.

21. This Agreement constitutes the Parties' complete agreement.  It may not be amended except by the Parties' written consent.

22. If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remainder of the provisions shall

remain in full force and effect.

23. Except as expressly provided to the contrary in this Agreement, each party shall bear its own legal and other costs incurred in connection with this action, including the preparation and performance of this Agreement.

24. This Agreement may be executed in counterparts and circulated for signatures by facsimile or electronic transmission. All such counterparts, together, shall be deemed one document. The Agreement is effective as of the date it is signed.

FOR THE UNITED STATES OF AMERICA:

                                          BENJAMIN B. WAGNER
                                          United States Attorney

Dated: October 22, 2012        By: */s/ Kurt A. Didier* (original signature on file)
                                              KURT A. DIDIER
                                              Assistant United States Attorney
                                              Attorneys for the United States of America

FOR DEFENDANT SERGE G. AVAK, OD:

Dated: October 12, 2012        By: */s/ Serge G. Avak*   (original signature on file)
                                              SERGE G. AVAK, OD, in pro per

**APPENDIX "A"**

**AMORTIZATION SCHEDULE**

Serge G. Avak Amortization Schedule
$51,587 at 3% Interest

| Period | Date | Principal | Interest | Payment | Balance |
|---|---|---|---|---|---|
| 1 | November 1, 2012 | $51,587.00 | $0.00 | $500.00 | $51,087.00 |
| 2 | December 1, 2012 | 51,087.00 | 127.72 | 400.00 | 50,814.72 |
| 3 | January 1, 2013 | 50,814.72 | 127.04 | 400.00 | 50,541.75 |
| 4 | February 1, 2013 | 50,541.75 | 126.35 | 400.00 | 50,268.11 |
| 5 | March 1, 2013 | 50,268.11 | 125.67 | 400.00 | 49,993.78 |
| 6 | April 1, 2013 | 49,993.78 | 124.98 | 400.00 | 49,718.76 |
| 7 | May 1, 2013 | 49,718.76 | 124.30 | 400.00 | 49,443.06 |
| 8 | June 1, 2013 | 49,443.06 | 123.61 | 400.00 | 49,166.67 |
| 9 | July 1, 2013 | 49,166.67 | 122.92 | 400.00 | 48,889.58 |
| 10 | August 1, 2013 | 48,889.58 | 122.22 | 400.00 | 48,611.81 |
| 11 | September 1, 2013 | 48,611.81 | 121.53 | 400.00 | 48,333.34 |
| 12 | October 1, 2013 | 48,333.34 | 120.83 | 400.00 | 48,054.17 |
| 13 | November 1, 2013 | 48,054.17 | 120.14 | 400.00 | 47,774.31 |
| 14 | December 1, 2013 | 47,774.31 | 119.44 | 400.00 | 47,493.74 |
| 15 | January 1, 2014 | 47,493.74 | 118.73 | 400.00 | 47,212.48 |
| 16 | February 1, 2014 | 47,212.48 | 118.03 | 400.00 | 46,930.51 |
| 17 | March 1, 2014 | 46,930.51 | 117.33 | 400.00 | 46,647.83 |
| 18 | April 1, 2014 | 46,647.83 | 116.62 | 400.00 | 46,364.45 |
| 19 | May 1, 2014 | 46,364.45 | 115.91 | 400.00 | 46,080.37 |
| 20 | June 1, 2014 | 46,080.37 | 115.20 | 400.00 | 45,795.57 |
| 21 | July 1, 2014 | 45,795.57 | 114.49 | 400.00 | 45,510.06 |
| 22 | August 1, 2014 | 45,510.06 | 113.78 | 400.00 | 45,223.83 |
| 23 | September 1, 2014 | 45,223.83 | 113.06 | 400.00 | 44,936.89 |
| 24 | October 1, 2014 | 44,936.89 | 112.34 | 400.00 | 44,649.23 |
| 25 | November 1, 2014 | 44,649.23 | 111.62 | 400.00 | 44,360.86 |
| 26 | December 1, 2014 | 44,360.86 | 110.90 | 400.00 | 44,071.76 |
| 27 | January 1, 2015 | 44,071.76 | 110.18 | 400.00 | 43,781.94 |
| 28 | February 1, 2015 | 43,781.94 | 109.45 | 400.00 | 43,491.39 |
| 29 | March 1, 2015 | 43,491.39 | 108.73 | 400.00 | 43,200.12 |
| 30 | April 1, 2015 | 43,200.12 | 108.00 | 400.00 | 42,908.12 |
| 31 | May 1, 2015 | 42,908.12 | 107.27 | 400.00 | 42,615.39 |
| 32 | June 1, 2015 | 42,615.39 | 106.54 | 400.00 | 42,321.93 |
| 33 | July 1, 2015 | 42,321.93 | 105.80 | 400.00 | 42,027.73 |
| 34 | August 1, 2015 | 42,027.73 | 105.07 | 400.00 | 41,732.80 |
| 35 | September 1, 2015 | 41,732.80 | 104.33 | 400.00 | 41,437.14 |
| 36 | October 1, 2015 | 41,437.14 | 103.59 | 400.00 | 41,140.73 |

Settlement Agreement and Proposed Order

| Period | Date | Principal | Interest | Payment | Balance |
|---|---|---|---|---|---|
| 37 | November 1, 2015 | 41,140.73 | 102.85 | 400.00 | 40,843.58 |
| 38 | December 1, 2015 | 40,843.58 | 102.11 | 400.00 | 40,545.69 |
| 39 | January 1, 2016 | 40,545.69 | 101.36 | 400.00 | 40,247.05 |
| 40 | February 1, 2016 | 40,247.05 | 100.62 | 400.00 | 39,947.67 |
| 41 | March 1, 2016 | 39,947.67 | 99.87 | 400.00 | 39,647.54 |
| 42 | April 1, 2016 | 39,647.54 | 99.12 | 400.00 | 39,346.66 |
| 43 | May 1, 2016 | 39,346.66 | 98.37 | 400.00 | 39,045.03 |
| 44 | June 1, 2016 | 39,045.03 | 97.61 | 400.00 | 38,742.64 |
| 45 | July 1, 2016 | 38,742.64 | 96.86 | 400.00 | 38,439.49 |
| 46 | August 1, 2016 | 38,439.49 | 96.10 | 400.00 | 38,135.59 |
| 47 | September 1, 2016 | 38,135.59 | 95.34 | 400.00 | 37,830.93 |
| 48 | October 1, 2016 | 37,830.93 | 94.58 | 400.00 | 37,525.51 |
| 49 | November 1, 2016 | 37,525.51 | 93.81 | 400.00 | 37,219.32 |
| 50 | December 1, 2016 | 37,219.32 | 93.05 | 400.00 | 36,912.37 |
| 51 | January 1, 2017 | 36,912.37 | 92.28 | 400.00 | 36,604.65 |
| 52 | February 1, 2017 | 36,604.65 | 91.51 | 400.00 | 36,296.16 |
| 53 | March 1, 2017 | 36,296.16 | 90.74 | 400.00 | 35,986.90 |
| 54 | April 1, 2017 | 35,986.90 | 89.97 | 400.00 | 35,676.87 |
| 55 | May 1, 2017 | 35,676.87 | 89.19 | 400.00 | 35,366.06 |
| 56 | June 1, 2017 | 35,366.06 | 88.42 | 400.00 | 35,054.48 |
| 57 | July 1, 2017 | 35,054.48 | 87.64 | 400.00 | 34,742.12 |
| 58 | August 1, 2017 | 34,742.12 | 86.86 | 400.00 | 34,428.97 |
| 59 | September 1, 2017 | 34,428.97 | 86.07 | 400.00 | 34,115.04 |
| 60 | October 1, 2017 | 34,115.04 | 85.29 | 400.00 | 33,800.33 |
| 61 | November 1, 2017 | 33,800.33 | 84.50 | 400.00 | 33,484.83 |
| 62 | December 1, 2017 | 33,484.83 | 83.71 | 400.00 | 33,168.54 |
| 63 | January 1, 2018 | 33,168.54 | 82.92 | 400.00 | 32,851.46 |
| 64 | February 1, 2018 | 32,851.46 | 82.13 | 400.00 | 32,533.59 |
| 65 | March 1, 2018 | 32,533.59 | 81.33 | 400.00 | 32,214.93 |
| 66 | April 1, 2018 | 32,214.93 | 80.54 | 400.00 | 31,895.46 |
| 67 | May 1, 2018 | 31,895.46 | 79.74 | 400.00 | 31,575.20 |
| 68 | June 1, 2018 | 31,575.20 | 78.94 | 400.00 | 31,254.14 |
| 69 | July 1, 2018 | 31,254.14 | 78.14 | 400.00 | 30,932.28 |
| 70 | August 1, 2018 | 30,932.28 | 77.33 | 400.00 | 30,609.61 |
| 71 | September 1, 2018 | 30,609.61 | 76.52 | 400.00 | 30,286.13 |
| 72 | October 1, 2018 | 30,286.13 | 75.72 | 400.00 | 29,961.85 |
| 73 | November 1, 2018 | 29,961.85 | 74.90 | 400.00 | 29,636.75 |
| 74 | December 1, 2018 | 29,636.75 | 74.09 | 400.00 | 29,310.84 |

| Period | Date | Principal | Interest | Payment | Balance |
|---|---|---|---|---|---|
| 75 | January 1, 2019 | 29,310.84 | 73.28 | 400.00 | 28,984.12 |
| 76 | February 1, 2019 | 28,984.12 | 72.46 | 400.00 | 28,656.58 |
| 77 | March 1, 2019 | 28,656.58 | 71.64 | 400.00 | 28,328.22 |
| 78 | April 1, 2019 | 28,328.22 | 70.82 | 400.00 | 27,999.04 |
| 79 | May 1, 2019 | 27,999.04 | 70.00 | 400.00 | 27,669.04 |
| 80 | June 1, 2019 | 27,669.04 | 69.17 | 400.00 | 27,338.21 |
| 81 | July 1, 2019 | 27,338.21 | 68.35 | 400.00 | 27,006.56 |
| 82 | August 1, 2019 | 27,006.56 | 67.52 | 400.00 | 26,674.07 |
| 83 | September 1, 2019 | 26,674.07 | 66.69 | 400.00 | 26,340.76 |
| 84 | October 1, 2019 | 26,340.76 | 65.85 | 400.00 | 26,006.61 |
| 85 | November 1, 2019 | 26,006.61 | 65.02 | 400.00 | 25,671.63 |
| 86 | December 1, 2019 | 25,671.63 | 64.18 | 400.00 | 25,335.81 |
| 87 | January 1, 2020 | 25,335.81 | 63.34 | 400.00 | 24,999.15 |
| 88 | February 1, 2020 | 24,999.15 | 62.50 | 400.00 | 24,661.65 |
| 89 | March 1, 2020 | 24,661.65 | 61.65 | 400.00 | 24,323.30 |
| 90 | April 1, 2020 | 24,323.30 | 60.81 | 400.00 | 23,984.11 |
| 91 | May 1, 2020 | 23,984.11 | 59.96 | 400.00 | 23,644.07 |
| 92 | June 1, 2020 | 23,644.07 | 59.11 | 400.00 | 23,303.18 |
| 93 | July 1, 2020 | 23,303.18 | 58.26 | 400.00 | 22,961.44 |
| 94 | August 1, 2020 | 22,961.44 | 57.40 | 400.00 | 22,618.84 |
| 95 | September 1, 2020 | 22,618.84 | 56.55 | 400.00 | 22,275.39 |
| 96 | October 1, 2020 | 22,275.39 | 55.69 | 400.00 | 21,931.07 |
| 97 | November 1, 2020 | 21,931.07 | 54.83 | 400.00 | 21,585.90 |
| 98 | December 1, 2020 | 21,585.90 | 53.96 | 400.00 | 21,239.87 |
| 99 | January 1, 2021 | 21,239.87 | 53.10 | 400.00 | 20,892.97 |
| 100 | February 1, 2021 | 20,892.97 | 52.23 | 400.00 | 20,545.20 |
| 101 | March 1, 2021 | 20,545.20 | 51.36 | 400.00 | 20,196.56 |
| 102 | April 1, 2021 | 20,196.56 | 50.49 | 400.00 | 19,847.05 |
| 103 | May 1, 2021 | 19,847.05 | 49.62 | 400.00 | 19,496.67 |
| 104 | June 1, 2021 | 19,496.67 | 48.74 | 400.00 | 19,145.41 |
| 105 | July 1, 2021 | 19,145.41 | 47.86 | 400.00 | 18,793.28 |
| 106 | August 1, 2021 | 18,793.28 | 46.98 | 400.00 | 18,440.26 |
| 107 | September 1, 2021 | 18,440.26 | 46.10 | 400.00 | 18,086.36 |
| 108 | October 1, 2021 | 18,086.36 | 45.22 | 400.00 | 17,731.58 |
| 109 | November 1, 2021 | 17,731.58 | 44.33 | 400.00 | 17,375.91 |
| 110 | December 1, 2021 | 17,375.91 | 43.44 | 400.00 | 17,019.35 |
| 111 | January 1, 2022 | 17,019.35 | 42.55 | 400.00 | 16,661.89 |
| 112 | February 1, 2022 | 16,661.89 | 41.65 | 400.00 | 16,303.55 |

Settlement Agreement and Proposed Order

| Period | Date | Principal | Interest | Payment | Balance |
|---|---|---|---|---|---|
| 113 | March 1, 2022 | 16,303.55 | 40.76 | 400.00 | 15,944.31 |
| 114 | April 1, 2022 | 15,944.31 | 39.86 | 400.00 | 15,584.17 |
| 115 | May 1, 2022 | 15,584.17 | 38.96 | 400.00 | 15,223.13 |
| 116 | June 1, 2022 | 15,223.13 | 38.06 | 400.00 | 14,861.19 |
| 117 | July 1, 2022 | 14,861.19 | 37.15 | 400.00 | 14,498.34 |
| 118 | August 1, 2022 | 14,498.34 | 36.25 | 400.00 | 14,134.58 |
| 119 | September 1, 2022 | 14,134.58 | 35.34 | 400.00 | 13,769.92 |
| 120 | October 1, 2022 | 13,769.92 | 34.42 | 400.00 | 13,404.35 |
| 121 | November 1, 2022 | 13,404.35 | 33.51 | 400.00 | 13,037.86 |
| 122 | December 1, 2022 | 13,037.86 | 32.59 | 400.00 | 12,670.45 |
| 123 | January 1, 2023 | 12,670.45 | 31.68 | 400.00 | 12,302.13 |
| 124 | February 1, 2023 | 12,302.13 | 30.76 | 400.00 | 11,932.88 |
| 125 | March 1, 2023 | 11,932.88 | 29.83 | 400.00 | 11,562.72 |
| 126 | April 1, 2023 | 11,562.72 | 28.91 | 400.00 | 11,191.62 |
| 127 | May 1, 2023 | 11,191.62 | 27.98 | 400.00 | 10,819.60 |
| 128 | June 1, 2023 | 10,819.60 | 27.05 | 400.00 | 10,446.65 |
| 129 | July 1, 2023 | 10,446.65 | 26.12 | 400.00 | 10,072.77 |
| 130 | August 1, 2023 | 10,072.77 | 25.18 | 400.00 | 9,697.95 |
| 131 | September 1, 2023 | 9,697.95 | 24.24 | 400.00 | 9,322.19 |
| 132 | October 1, 2023 | 9,322.19 | 23.31 | 400.00 | 8,945.50 |
| 133 | November 1, 2023 | 8,945.50 | 22.36 | 400.00 | 8,567.86 |
| 134 | December 1, 2023 | 8,567.86 | 21.42 | 400.00 | 8,189.28 |
| 135 | January 1, 2024 | 8,189.28 | 20.47 | 400.00 | 7,809.76 |
| 136 | February 1, 2024 | 7,809.76 | 19.52 | 400.00 | 7,429.28 |
| 137 | March 1, 2024 | 7,429.28 | 18.57 | 400.00 | 7,047.85 |
| 138 | April 1, 2024 | 7,047.85 | 17.62 | 400.00 | 6,665.47 |
| 139 | May 1, 2024 | 6,665.47 | 16.66 | 400.00 | 6,282.14 |
| 140 | June 1, 2024 | 6,282.14 | 15.71 | 400.00 | 5,897.84 |
| 141 | July 1, 2024 | 5,897.84 | 14.74 | 400.00 | 5,512.59 |
| 142 | August 1, 2024 | 5,512.59 | 13.78 | 400.00 | 5,126.37 |
| 143 | September 1, 2024 | 5,126.37 | 12.82 | 400.00 | 4,739.18 |
| 144 | October 1, 2024 | 4,739.18 | 11.85 | 400.00 | 4,351.03 |
| 145 | November 1, 2024 | 4,351.03 | 10.88 | 400.00 | 3,961.91 |
| 146 | December 1, 2024 | 3,961.91 | 9.90 | 400.00 | 3,571.81 |
| 147 | January 1, 2025 | 3,571.81 | 8.93 | 400.00 | 3,180.74 |
| 148 | February 1, 2025 | 3,180.74 | 7.95 | 400.00 | 2,788.70 |
| 149 | March 1, 2025 | 2,788.70 | 6.97 | 400.00 | 2,395.67 |
| 150 | April 1, 2025 | 2,395.67 | 5.99 | 400.00 | 2,001.66 |

Settlement Agreement and Proposed Order

| Period | Date | Principal | Interest | Payment | Balance |
|---|---|---|---|---|---|
| 151 | May 1, 2025 | 2,001.66 | 5.00 | 400.00 | 1,606.66 |
| 152 | June 1, 2025 | 1,606.66 | 4.02 | 400.00 | 1,210.68 |
| 153 | July 1, 2025 | 1,210.68 | 3.03 | 400.00 | 813.70 |
| 154 | August 1, 2025 | 813.70 | 2.03 | 400.00 | 415.74 |
| 155 | September 1, 2025 | 415.74 | 1.04 | 400.00 | 16.78 |
| 156 | October 1, 2025 | 16.78 | 0.04 | 16.82 | (0.00) |
|  | Total: |  | $10,529.82 | $62,116.82 |  |

Initial payment of $500 then monthy payments of $400.

Settlement Agreement and Proposed Order

**ORDER**

The Court, having reviewed the court files and parties' settlement agreement (the Agreement) and finding good cause therefor, hereby APPROVES the terms of the Agreement. The stipulated entry of judgment as provided in the Agreement shall be entered as a separate judgment.

IT IS SO ORDERED.

Dated:  October 24, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge